J-S21006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOWARD JACKSON, | |
| Appellant | No. 2802 EDA 2013 |

Appeal from the Judgment of Sentence October 10, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008007-2011

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 12, 2015**

Howard Jackson appeals from the judgment of sentence of one year probation that was imposed after he was convicted of possession of a controlled substance.  We reject his challenge to the suppression court's ruling herein and affirm.

The interdiction leading to Appellant's arrest on the possession charge at issue herein was described as follows.  At approximately 1:00 a.m. on October 21, 2010, Philadelphia Police Officers Kyle Cross and Frederick Clough saw a black Buick SUV parked in the northbound traveling lane of the 7700 block of Lowber Street, Philadelphia.  Appellant was seated in the front seat of the car, a passenger was next to him, and Appellant was rummaging around in the car.  The driver's side door was open.  Believing that Appellant

_____
* Retired Senior Judge assigned to the Superior Court.

might be breaking into the vehicle, Officers Cross and Clough initiated an investigatory detention.

Officer Cross drove his cruiser behind the SUV and activated the police car's lights and sirens. The police officers then approached the car. As they did so, Officer Cross saw Appellant reach from the front seat to the rear seat of the car, place a black bag on his lap, and stuff a clear plastic Ziploc bag into his pants crotch. Appellant was removed from the vehicle. The Ziploc bag was partially protruding from Appellant's pants. Officer Cross observed a smaller blue plastic bag containing a powdery substance inside the exposed part of the bag. Based on a belief that it contained cocaine, the bag was seized, and Appellant was arrested. The black bag contained amber pill bottles, and every bottle but one indicated that they contained drugs prescribed for Appellant. In the pill bottle not bearing Appellant's name, police recovered fifty-eight Xanax pills.

Appellant was charged with possession of a controlled substance. He moved to suppress the drugs seized as a result of the interdiction. The municipal court granted that motion, and the Commonwealth appealed to the court of common pleas, where it prevailed. At an August 13, 2012 nonjury trial, Appellant was convicted of the charged offense, and he was sentenced on October 10, 2012. This appeal followed. Appellant raises this contention: "Is the Defendant entitled to a remand to the Trial Court for a new trial where the Suppression Court erred when it failed to grant the

Defendant's Motion to Suppress Evidence as the result of an illegal traffic stop [and] a subsequent illegal search and seizure?" Appellant's brief at 3.

We first elucidate the pertinent standard of review:

An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Postie*, 2015 WL 663437, *3 (Pa.Super. 2015).

Herein, the suppression court noted that both Officer Cross and Officer Clough "testified that they were conducting an investigation on the night in question, with Officer Clough clarifying that the officers were concerned that someone was breaking into the car." Trial Court Opinion, 7/1/14, at 4. The court continued that the officers articulated that the vehicle door was ajar, the SUV was parked in a traffic lane, it was one o'clock in the morning, and "someone was rummaging through the backseat." *Id*. The court concluded that, "[g]iven these articulated observations, this court believes the officers were reasonable in concluding that someone may have been breaking into the car." *Id*. at 5-6. The court therefore upheld the interdiction as an

investigatory detention supported by reasonable suspicion that a crime was being committed.

On appeal, Appellant does not challenge this finding. Instead, Appellant believes that the investigatory detention was premised upon the fact that the car was stopped in a traffic lane. Appellant sets forth two provisions of the Motor Vehicle Code that prohibit stopping in a travel lane.[1]

_____

[1] Specifically, 75 Pa.C.S. § 3351, with an exception for disabled vehicles, provides:

> **(a) General rule.--**Outside a business or residence district, no person shall stop, park or stand any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or stand the vehicle off the roadway. In the event it is necessary to stop, park or stand the vehicle on the roadway or any part of the roadway, an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction upon the highway.

Appellant notes that there was no proof that he was outside a business or residence district.

Appellant also insists that there was no proof that his stop of his SUV constituted a violation of 75 Pa.C.S. § 3353, which states in pertinent part:

> **(a) General rule.--**Except when necessary to avoid conflict with other traffic or to protect the safety of any person or vehicle or in compliance with law of the directions of a police officer or official traffic-control device, no person shall:
>
> (1) Stop, stand or park a vehicle:

*(Footnote Continued Next Page)*

—————————

(i) On the roadway side of any vehicle stopped or parked at the edge or curb of a street except that:

(A) A pedalcycle . . . .

(B) Standing or parking for the purpose of loading or unloading persons or property may be authorized by local ordinance . . . .

(ii) On a sidewalk except that a pedalcycle may be parked as provided in section 3509(b)(2).

(iii) Within an intersection.

(iv) On a crosswalk.

(v) Between a safety zone and the adjacent curb within 30 feet of points on the curb immediately opposite the ends of a safety zone, unless a different length is indicated by official traffic-control devices.

(vi) Alongside or opposite any street excavation or obstruction when stopping, standing or parking would obstruct traffic.

(vii) Upon any bridge or other elevated structure upon a highway or within a highway tunnel.

(viii) On any railroad tracks.

(ix) In the area between roadways of a divided highway, including crossovers.

(Footnote Continued Next Page)

His argument on appeal is devoted solely to refuting that the evidence established that he violated those provisions.

Police may conduct a vehicular stop based upon reasonable suspicion that a crime is being committed. ***Commonwealth v. Anthony***, 977 A.2d 1182 (Pa.Super. 2009). In this case, the officers involved in the interdiction did not premise their investigation to any extent on the fact that Appellant's SUV was parked in a traffic lane. Rather, they articulated that they

*(Footnote Continued)* ————————————

> (x) At any place where official signs prohibit stopping.
>
> (2) Stand or park a vehicle:
>
> > (i) In front of a public or private driveway.
> >
> > (ii) Within 15 feet of a fire hydrant.
> >
> > (iii) Within 20 feet of a crosswalk at an intersection.
> >
> > (iv) Within 30 feet upon the approach to any flashing signal, stop sign, yield sign or traffic-control signal located at the site of a roadway.
> >
> > (v) Within 20 feet of the driveway entrance to any fire station or, when properly sign posted, on the side of a street opposite the entrance to any fire station within 75 feet of the entrance.

75 Pa.C.S. § 3353

investigated the SUV based upon a belief that Appellant may have been stealing the contents of that vehicle, and the trial court accepted that belief as reasonably premised upon the articulated facts. Appellant does not assail that finding and is therefore not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015