J-S39017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WYATT ELLIS | |
| Appellant | No. 1226 EDA 2014 |

Appeal from the Judgment of Sentence December 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006999-2012

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                       **FILED AUGUST 21, 2015**

Wyatt Ellis appeals from the judgment of sentence entered on December 6, 2013, in the Court of Common Pleas of Philadelphia County following his conviction by a jury on charges of possession of a prohibited firearm, carrying a firearm without a license, and carrying a firearm in public in Philadelphia.[1]  Ellis received an aggregate sentence of eight to sixteen years' incarceration.  In this timely appeal, Ellis claims the trial court erred in denying his motion to suppress.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Initially, we note,

> [a]n appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is

---

[1] 18 Pa.C.S. §§ 6110.2(a), 6106(a)(1), and 6108 respectively.

limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Postie*, 110 A.3d 1034, 1039 (Pa. Super. 2015) (citation omitted).

We adopt the trial court's recitation of the facts as stated on pages 2-4 of the Pa.R.A.P. 1925(a) opinion, dated 12/11/2014, which we summarize briefly: In the early morning hours of May 25, 2012, Police Officers Wayne Stinson and Christopher Warrick were on patrol in an unmarked police car in the 17th police district. From having spoken to the victim and hearing a report via police radio, they were on the lookout for a black male, dressed in all dark clothing who had committed a gunpoint robbery. Approximately one block away from the robbery site, they saw a black male walking down Fitzwater Street who was wearing black tactical pants and a black sweater. The man, later identified as Ellis, noticed the police car and ducked between two parked cars. The officers stopped their car approximately 20 feet from where Ellis ducked down and Officer Stinson got out. They did not activate lights or siren on the car. Officer Stinson identified himself as police. At that time, Ellis started running away from the officer, holding something in his front waistband as he fled. The police gave chase, eventually catching Ellis and discovering a .380 Lorcin semi-automatic handgun on his person.

The gun was loaded with six live rounds of ammunition. Officer Stinson testified this took place in a high crime area, noted for gun arrests, shootings and gun-point robberies.

Against this factual background, Ellis claims the description of a black male in dark clothing was too vague to provide the police with either a reasonable suspicion or probable cause to stop him. He asserts because the police improperly detained him, any evidence obtained from that stop was fruit of the poisoned tree and should have been suppressed.

There are three levels of interaction between citizens and the police. These are mere encounter, investigative detention, and custodial detention (arrest):

> A mere encounter can be any formal or informal interaction between an officer and a citizen, but will normally be an inquiry by the officer of a citizen. The hallmark of this interaction is that it carries no official compulsion to stop or respond.
>
> In contrast, an investigative detention, by implication, carries an official compulsion to stop and respond, but the detention is temporary, unless it results in the formation of probable cause for arrest, and does not possess the coercive conditions consistent with a formal arrest. Since this interaction has elements of official compulsion it requires reasonable suspicion of unlawful activity. In further contrast, a custodial detention occurs when the nature, duration and conditions of an investigative detention become so coercive as to be, practically speaking, the functional equivalent of an arrest.

*Commonwealth v. Nguyen*, ___ A.3d ___, [2015 PA Super 98 at *5] (Pa. Super. 4/27/2015) (citation omitted).

Also relevant to our analysis,

> To determine whether a mere encounter rises to the level of an investigatory detention, we must discern whether, as a matter of law, the police conducted a seizure of the person involved.
>
> To decide whether a seizure has occurred, a court must consider all the circumstances surrounding the encounter to determine whether the demeanor and conduct of the police would have communicated to a reasonable person that he or she was not free to decline the officer's request or otherwise terminate the encounter. Thus, the focal point of our inquiry must be whether, considering the circumstances surrounding the incident, a reasonable [person] innocent of any crime, would have thought he was being restrained had he been in the defendant's shoes.

*Id*. at 5-6 (citation omitted).

The gist of Ellis's argument is that by exiting the police car and announcing himself as a police officer, Officer Stinson subjected Ellis to an investigative detention without reasonable suspicion. Accepting for the sake of argument that the description of a black male dressed in all dark clothing was too vague to support a reasonable suspicion of any person so described, we must determine whether Officer Stinson's action constituted an investigative detention.

Ellis has provided no case law to support his contention that a police officer exiting a car and saying the word "Police" equates to the detention of a citizen.[2] Rather, we agree with the able analysis provided by the Honorable Denis P. Cohen in his Pa.R.A.P. 1925(a) opinion, as follows:

---

[2] Ellis appears to have made an unsupported conclusion that because the police had an inkling that the person they saw, dressed in black and matching the general description of the suspect, could have been involved in the gunpoint robbery, any contact between the police and Ellis constituted an improper investigative detention. This conclusion ignores the fact that

*(Footnote Continued Next Page)*

To determine whether or not a seizure has occurred, the Court must consider, based on the totality of the circumstances, whether an objectively reasonable person would have believed he was free to leave. *Commonwealth v. Lyles*, 54 A.3d 76, 79 (Pa. Super. 2012). Evidence that merely indicates that a uniformed officer approached a citizen for questioning is insufficient to conclude that a seizure has occurred. *Commonwealth v. Jones*, 378 A.2d 835, 839-40 (Pa. 1977). Instead, in situations where a citizen is neither ordered to stop nor physically restrained, the Court must consider "all of the circumstances which may in any way evidence a show of authority or exercise of force." *Id*. After considering the totality of circumstances evidencing a show of force, the pivotal inquiry is whether "a reasonable man, innocent of any crime, would have thought (he was being restrained) had he been in the defendant's shoes." *Id*.

In the instant case, at the time Officer Stinson announced his presence by saying the word "Police," Officers Stinson and [Warrick] were twenty feet away from [Ellis] and had not addressed [him] in any other way. *See* (N.T. 10/09/2013 at 18, 20-21). Though the officers were in uniform, neither officer had activated their vehicle's police lights, drawn their weapons, asked [Ellis] any questions, or requested [Ellis] to stop. (*Id*. at 10-13, 19-21). Additionally, the announcement of "Police" occurred after the Officers stepped out of an unmarked police vehicle at approximately 1:30 a.m., in an area known for violence, and while the Officers were in the middle of a public street. (*Id*. at 13-14, 19-21). Given the totality of the circumstances, no reasonable man, innocent of any crime, would have thought that Officers Stinson and [Warrick] were restraining him by simply announcing their presence in such an area. *See Jones*, 378 A.2d at 840. Thus, contrary to [Ellis's] contention, Officers Stinson and Warrick had not yet seized [Ellis] when Officer Stinson announced "Police," and needed no justification for their "mere encounter" with [Ellis]. *See id*.; *Lyles*, 54 A.3d at 79 (holding that "mere encounters" need not be supported by any level of suspicion).

*(Footnote Continued)* ─────────────

the police may always initiate a mere encounter with a citizen. Accordingly, an inkling or hunch about a person does not prevent a police officer from contacting that person, but it will not support the detention of that person.

Rather, as the Commonwealth contends, [Ellis] was initially seized after he fled and Officers Stinson and [Warrick] started chasing him. *See Commonwealth v. Matos*, 672 A.2d 769, 771 (Pa. 1996) (stating that the pursuit of a fleeing defendant constitutes a seizure). Because [Ellis's] flight was unprovoked and in a high-crime area, the Officers had reasonable suspicion to stop [Ellis] and the initial seizure was lawful. *In re D.M.*, 781 A.2d 1161, 1164 (Pa. 2001), ("[U]nprovoked flight in a high crime area is sufficient to create a reasonable suspicion to justify a Terry stop under the Fourth Amendment.").

Pa.R.A.P. 1925(a) Opinion, 12/11/2014, at 4-5.

Because the police did not improperly detain Ellis, regardless of the description of the suspected robber, the trial court did not err in denying Ellis's motion to suppress. Therefore, there is no basis upon which Ellis is entitled to relief.

Judgment of sentence affirmed.

Musmanno, J., joins in this memorandum.

Bowes, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015

- 6 -