J-A25028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELIJAH MOORER, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS E. DANN, STEPHANIE L. | : | No. 144 MDA 2020 |
| COOPER, DONALD PAUL, STACY P. | : | |
| MILLER, R.W. RALSTON, THOMAS J. | : | |
| MOORE, SCOTT MERRILL, KATHLEEN | : | |
| KANE, DEIRDRI FISHEL AND | : | |
| PATRICK LEONARD | : | |

Appeal from the Order Entered January 3, 2020
In the Court of Common Pleas of Centre County Civil Division at No(s):
2019-1103

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 19, 2020**

Appellant, Elijah Moorer, Jr., appeals *pro se* from the order entered on

January 3, 2020.  We dismiss this appeal.

The trial court ably summarized the underlying facts of this case:

> [Appellant] was arrested on November 19, 2012, on
> suspicion of being involved in a drug ring in Centre County,
> Pennsylvania. The [trial] court issued a search warrant for
> [Appellant's] home on November 19, 2012. A search of
> [Appellant's] home resulted in seizure of incriminating
> evidence, including drugs and weapons.  [Appellant] was
> charged with various crimes relating to drug activity.  He pled
> guilty and received a sentence of 36 to 72 years.
>
> In April of 2015, it was discovered that Officer Thomas Dann
> of the State College Police Department ("Officer Dann") was
> taking controlled substances from the evidence room. Officer
> Dann pled guilty to various drug charges in 2015.

In March [] 2016, [Appellant] began filing private criminal complaints against various individuals involved in his prosecution, including his attorney, the district attorney, the attorney general, and law enforcement. [Appellant] seeks to have the following individuals criminally prosecuted: Thomas J. Moore ("Officer Moore"), Deputy Attorney General Patrick Leonard ("Attorney Leonard"), Stephanie L. Cooper ("Attorney Cooper"), Officer Dann, Donald Paul ("Detective Paul"), Stacy Parks Miller, R.W. Ralston ("Officer Ralston"), Scott Merrill ("Officer Merrill"), Kathleen Kane, and Deirdri Fishel ("Detective Fishel"). [Appellant] seeks to have the defendants prosecuted for Possession of a Controlled Substance with Intent to Deliver, 18 Pa.C.S.A. § 780-113(a)(30), Forgery, 18 Pa.C.S.A. § 4101(a)(1), Tampering With Evidence, 18 Pa.C.S.A. § 4910, Perjury, 18 Pa.C.S.A. § 4902(a), Unsworn Falsification to Authorities, 18 Pa.C.S.A. § 4904, Theft by Unlawful Taking or Disposition, 18 Pa.C.S.A. § 3921(a), False swearing, 18 Pa.C.S.A. § 4903(a)(1), and Criminal Conspiracy, 18 Pa.C.S.A. § 903(a)(1).

The [trial] court has identified four documents within [Appellant's] 345 page exhibit that appear to be responses to at least some of [Appellant's] complaints by the prosecuting authority. In this regard, the [trial] court first notes that it appears [Appellant's] complaints were referred by the Office of the Centre County District Attorney to the [Office of Attorney General ("OAG")] due to a potential conflict of interest. On June 10, 2016, the OAG wrote to [Appellant] stating [Appellant's] private criminal complaints against Officer Dann were rejected for failure to allege a *prima facie* case of criminal conduct and on policy grounds. By correspondence dated June 19, 2016, the OAG rejected [Appellant's] private criminal complaints against Officer Ralston for failure to allege a *prima facie* case of criminal misconduct. The OAG communicated its refusal to prosecute [Appellant's] complaints against Attorney Leonard on July 5, 2016 on the basis that the complaints failed to state a *prima facie* case of criminal misconduct. Finally, by letter dated October 19, 2016, the OAG rejected [Appellant's] complaints against Attorney Leonard, Officer Moore, Officer Merrill, and Detective Paul for failure to state a *prima facie* case of criminal misconduct.

Trial Court Opinion, 12/31/19, at 1-3 (some capitalization omitted).

On June 3, 2019, Appellant filed a "Petition for Review of Disapproved Private Criminal Complaints" in the trial court, pursuant to Pennsylvania Rule of Criminal Procedure 506(B)(2). The trial court denied Appellant's petition in an order entered on January 3, 2020; Appellant then filed a timely notice of appeal. *See* Notice of Appeal, 1/13/20, at 1.

Appellant has not included a statement of questions involved section in his brief and Appellant has not divided his argument section "into as many parts as there are questions to be argued." *See* Pa.R.A.P. 2116(a) ("[t]he statement of the questions involved must state concisely the issues to be resolved. . . . No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); Pa.R.A.P. 2119(a) ("[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent").

Considering the length of Appellant's brief and the multitude of issues Appellant has attempted to include in the brief, Appellant's failure to comply with our Rules of Appellate Procedure substantially impedes our ability to conduct meaningful appellate review of Appellant's claims, as we are unable to discern the issues Appellant wishes this Court to review. As such, we dismiss this appeal. *See* Pa.R.A.P. 2101 ("[b]riefs and reproduced records

- 3 -

shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); *see also Commonwealth v. Postie*, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.  Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2020

- 4 -