J-S35006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF PETER HNATUSKO | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JANINE CRISSEY | : | No. 830 MDA 2021 |

Appeal from the Order Entered May 28, 2021
In the Court of Common Pleas of Lackawanna County Orphans' Court at
No(s): 2020-01261

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                     **FILED: DECEMBER 30, 2021**

Appellant, Janine Crissey, appeals *pro se* from the order entered on May 28, 2021.  We dismiss this appeal.

The Orphans' Court ably summarized the underlying facts and procedural posture of this appeal:

> Peter Hnatusko ("decedent") died on November 11, 2020, leaving at least two wills:  one executed on June 9, 2017, and another executed on November 6, 2019.  The 2017 will named [Appellant] executrix of the estate, and gave [ten percent] of the estate to the decedent's daughter-in-law, Stephanie Hnatusko, and the remainder to [Appellant].  The 2017 will also stated that it was [decedent's] express desire not to include his other two daughters, Laura Filingo and Denise Hnatusko, in his property bequest.  . . .
>
> The 2019 will named Ronald James Legg, Jr., a friend of the decedent's, executor as well as a beneficiary to receive the decedent's [pickup] trucks.  In the 2019 will, the decedent

---

[*] Retired Senior Judge assigned to the Superior Court.

bequeathed the residual of the estate to Ruthenian Greek Catholic Church of St. Wolodymir of Scranton, PA, a/k/a Vladimir Ukrainian Greek Catholic Church, where he was a parishioner, and ALSAC/St. Jude's Children's Research Hospital. In the 2019 will, the decedent also revoked all former wills.

On December 17, 2020, Mr. Legg filed a Petition for a Citation to be issued to Denise Hnatusko, [Appellant,] and Laura Filingo to show cause why a copy of the November 6, 2019 will should not be submitted for probate. The Citation was issued and a hearing was scheduled before the Register of Wills of Lackawanna County. On January 11, 2021, [Appellant] filed an Objection asserting that the 2019 will was not an original document and should not be accepted for probate, and instead the 2017 will should be accepted and letters testamentary be issued to [Appellant]. On January 14, 2021, the Register of Wills conducted a hearing, and on January 19, 2021, issued an order, finding that petitioner could not overcome the presumption that the decedent destroyed or revoked the November 6, 2019 will, and admitting the 2017 will to probate and naming [Appellant] executor.

On March 23, 2021, Ruthenian Greek Catholic Church of St. Wolodymir of Scranton, PA, a/k/a Vladimir Ukrainian Greek Catholic Church, ALSAC/St. Jude's Children's Research Hospital[,] and Ronald James Legg, Jr. filed an appeal of the January 19, 2021 order issued by the Register of Wills. The appellants asserted that the original of the 2019 will had been located, and that two witnesses to the 2019 will were now ready, able and willing to testify that the decedent was of sound mind when he executed the 2019 will. On April 6, 2021, [Appellant] filed an answer to the appeal. On May 27, 2021, a hearing was conducted.

At the May 27, 2021 hearing, the court heard testimony from Eugene Doud, the attorney who drafted the 2019 will for the decedent; Pamela Edwards, branch manager of Peoples Security Bank in Moscow, PA and the notary public who notarized the 2019 will; Robin Jenkins, an employee of the bank who witnessed the 2019 will; Janice Snyder, also an employee of the bank who witnessed the will; and Ronald Legg, the executor of the estate under the 2019 will. . . .

Mr. Doud testified that the decedent had directed him to draft his 2016, 2017, and 2019 wills. The 2019 will revoked all former wills, and Mr. Doud testified that when the will was signed on November 6, 2019, the decedent was of sound mind and knew what he was doing. Mr. Doud testified that he conducted a colloquy with the decedent before he signed the will, confirming that he knew that he was revoking all prior wills, ascertaining that no one was pressuring him to make these decisions, and confirming that all necessary changes that he wanted in the will were made. He also asked him the rationale behind the two significant charitable bequests to St. Jude's and St. Vladimir's in the 2019 will, and the decedent stated that he had contributed to St. Jude's over his lifetime and they provided a great charitable function, and that he had been a lifetime parishioner of St. Vladimir's and they had needs he wanted to help them address. He also testified that he asked the decedent if he realized that he was leaving nothing to his children, and the decedent replied that they had received quite enough from him while he was alive. Mr. Doud testified that this colloquy was conducted in the presence of the notary public and witnesses. He testified that he witnessed them sign the will after the decedent signed it. He testified that all of his efforts in drafting the 2019 will and having it executed were done at the direction of the decedent, and that no one else communicated any instructions.

Pamela Edwards, the branch manager of Peoples Security Bank in Moscow and a notary public, testified that she had known the decedent for about 40 years as a longtime customer of the bank and that she notarized the November 6, 2019 will. She testified that the signature on the will is definitely the decedent's and that she is familiar with his signature from his relationship with the bank. She testified that she witnessed him sign the will on November 6, 2019, and that he was of sound mind and knew what he was doing. She testified that he was not under any undue influence when he signed, and that nobody influenced him. She also testified that when he signed the will, he was very adamant that this was what he wanted to do and that his children had already received money from him and he did not want them to have anything from him when he was deceased. Finally, she testified that the document that she was looking at and

holding in her hand was the original document that she notarized with the actual ink signatures.

Robin Jenkins testified that on November 6, 2019, she was an employee of Peoples Security bank and that she knew the decedent. She testified that she witnessed him sign his will, and that he was of sound mind. Similarly, Janice Snyder testified that on November 6, 2019, she was an employee of Peoples Security Bank, and that she was present when he signed the will and that he appeared to be of sound mind.

Finally, Ronald Legg testified that the decedent gave the original of the November 6, 2019 will to him about a week after it had been executed and asked him to hold it for him. He testified that he could not locate the original after the decedent died in December [2020], but then remembered where he had put it. . . .

At the conclusion of the hearing, [the Orphans' Court] found that the 2019 will presented at the hearing was an original document and that it was the most recent will. The [Orphans' Court] found that the evidence presented demonstrated that the decedent intended this to be his last will and testament, and that he executed it without the exercise of any outside influence or duress. The [Orphans' Court] stated that this was made clear by several of the witnesses, but perhaps none more clearly than Ms. Edwards who stated that no one spoke for the decedent. The [Orphans' Court] issued an order that sustained the [] appeal from probate, vacated the January 19, 2021 order issued by the Register of Wills, and directed the Register of Wills to admit to probate the 2019 will and to grant letters testamentary pursuant to that will.

On June 24, 2021, [Appellant] filed a notice of appeal of the May 27, 2021 order. On July 21, 2021, [the Orphans' Court] ordered [Appellant] to file a concise statement of the [errors] complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). [Appellant failed to comply with the Orphans' Court's order.]

Orphans' Court Opinion, 8/24/21, at 1-5 (citations and some capitalization omitted).

Appellant's brief does not include a Pennsylvania Rule of Appellate Procedure 2116(a) "statement of questions involved"[1] and a review of Appellant's brief does not reveal any comprehensible argument or claim of error. Further, since this Court is unable to discover a rational argument or claim of error in Appellant's brief, we must conclude that the procedural and substantive defects in Appellant's brief completely preclude meaningful appellate review. As such, we dismiss this appeal. *See* Pa.R.A.P. 2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); *see also Commonwealth v. Postie*, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se*

_____

[1] Appellant's brief also does not contain: a statement of jurisdiction (Pa.R.A.P. 2111(a)(1)); the order that is the subject of the appeal (Pa.R.A.P. 2111(a)(2)); a statement of the scope and standard of review (Pa.R.A.P. 2111(a)(3)); a statement of the case (Pa.R.A.P. 2117); a summary of argument (Pa.R.A.P. 2118); any citation to the record or legal authority (Pa.R.A.P. 2119); a table of contents (Pa.R.A.P. 2174); a copy of the trial court's opinion (Pa.R.A.P. 2111(b)); or, a copy of Appellant's Rule 1925(b) statement (Pa.R.A.P. 2111(d)).

litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").[2]

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2021

---

[2] Further, even if we had not dismissed this appeal, we would have held that Appellant waived all of her claims, as she failed to comply with the Orphans' Court's Rule 1925(b) order.  **See** Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived").