J-A04044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ESTATE OF GENEVIEVE THOMPSON / AN INCAPACITATED PERSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: NANCY THOMPSON | No. 755 EDA 2016 |

Appeal from the Decree January 19, 2016
in the Court of Common Pleas of Philadelphia County
Orphans' Court at No.: 1858IC of 2006 Control No. 15532

BEFORE: SHOGAN, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 29, 2017**

Appellant, Nancy Thompson, appeals *pro se* from the decree denying her exceptions to the court's decision continuing guardianship and appointing Debra G. Speyer, Esquire (Speyer), as guardian of the estate of Appellant's mother, Genevieve Thompson (Thompson). We affirm.

We take the following facts from our independent review of the record. On December 8, 2006, the Philadelphia Corporation for the Aging filed a petition for adjudication of incapacity and appointment of a plenary guardian of the person and estate of Thompson. On February 5, 2007, the trial court adjudicated Thompson a totally incapacitated person, and appointed Howard

_____

[*] Retired Senior Judge assigned to the Superior Court.

Soloman, Esquire, as plenary guardian of her estate. Soloman and Appellant were appointed plenary co-guardians of Thompson's person. Speyer subsequently replaced Soloman as guardian of the estate and co-guardian of the person.

On August 18, 2015, Appellant filed a petition for adjudication of capacity, alleging that Thompson was no longer totally incapacitated. The court held a hearing on October 14, 2015. On January 19, 2016, the court entered a decree denying Appellant's petition, and appointing her as guardian of Thompson's person and Speyer as guardian of the estate. Thereafter, the trial court denied Appellant's exceptions, and Appellant timely appealed.

On March 28, 2016, the trial court ordered Appellant to file a statement of errors complained of on appeal within twenty-one days, and cautioned her that any issue not raised in the statement would be deemed waived. **See** Pa.R.A.P. 1925(b)(4)(vii); (**see also** Order, 3/28/16). Appellant failed to file a Rule 1925(b) statement.[1] Therefore, Appellant has waived her issues on appeal.

In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court held that, "from this date forward, in order to

---

[1] The court filed an opinion on May 4, 2016, in which it explained that Appellant's failure to file a Rule 1925(b) statement rendered it unable to address any potential appellate issues. **See** Pa.R.A.P. 1925(a); (**see also** Opinion, 5/04/16).

- 2 -

preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Lord**, **supra** at 309; **see also** Pa.R.A.P. 1925(b)(4)(vii). More recently, this Court stated that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (citations omitted). Indeed, "our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b)[.]" **Id.**

In this case, Appellant failed to file a statement of errors complained of on appeal pursuant to the trial court's order. (**See** Order, 3/28/16). Therefore, Appellant has waived her issues, and this Court is precluded from reviewing their merits. **See Greater Erie Indus. Dev. Corp.**, **supra** at 224. Thus, we affirm the decree of the trial court.[2]

Decree affirmed.

---

[2] We are cognizant that Appellant is proceeding *pro se*. It is well-settled, however, that, "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Postie**, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) (citation omitted).

J-A04044-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2017

- 4 -