J-S47008-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUAN MURRAY, JR. | : | |
| | : | |
| Appellant | : | No. 1366 WDA 2017 |

Appeal from the Judgment of Sentence May 3, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013429-2012

BEFORE: OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: FILED SEPTEMBER 05, 2018

Appellant, Quan Murray, Jr., appeals from the judgment of sentence entered on May 3, 2017, as made final by the denial of his post-sentence motion on September 7, 2017. We affirm.

On February 11, 2013, Appellant pled guilty to statutory sexual assault[1] after engaging in sexual intercourse with his 13-year-old stepsister.[2] The trial court immediately sentenced him to 182 days' imprisonment followed by three

_____

[1] 18 Pa.C.S.A. § 3122.1.

[2] Contrary to Appellant's assertion, this sexual intercourse was not consensual. See Commonwealth v. Parsons, 969 A.2d 1259, 1271 (Pa. Super. 2009) (en banc), appeal denied, 982 A.2d 1228 (Pa. 2009).

_____

* Retired Senior Judge assigned to the Superior Court.

years' probation.[3]  On September 16, 2013, the trial court revoked Appellant's probation and re-sentenced him to three years' probation.

On February 1, 2014, the trial court revoked Appellant's probation and re-sentenced him to 11½ to 23 months' imprisonment followed by five years' probation.  On April 7, 2016, the trial court revoked Appellant's probation and re-sentenced him to nine months' county intermediate punishment followed by five years' probation.

In November 2016, Appellant's employer ceased operation.  Two weeks later, he told his probation officer he was going to work despite the fact he was unemployed.  Appellant later told the probation officer that he violated the terms of his probation approximately one dozen times.  The trial court held a Gagnon[4] I hearing on January 11, 2017 and a Gagnon II hearing on May 3, 2017.  At the conclusion of the Gagnon II hearing, the trial court found Appellant violated the terms of his probation, revoked his probation, and re-sentenced him to 6 to 12 months' imprisonment followed by three years' probation.  Included within the terms of his probation were a prohibition on accessing the internet and using a computer.

_____

[3] We note that this flat sentence was illegal.  See 42 Pa.C.S.A. § 9756(b)(1); Commonwealth v. Postie, 110 A.3d 1034, 1044 (Pa. Super. 2015).

[4] See Gagnon v. Scarpelli, 411 U.S. 778 (1973).

On August 4, 2017, Appellant filed a petition pursuant to the Post-Conviction Relief Act ("PCRA") seeking reinstatement of his post-sentence motion rights nunc pro tunc. On August 9, 2017, the PCRA court granted the petition. On September 5, 2017, Appellant filed a post-sentence motion. On September 7, 2017, the trial court denied that motion. This timely appeal followed.[5]

Appellant presents two issues for our review:

1. Whether the trial court abused its discretion at sentencing when it imposed an internet/computer restriction as a condition of [Appellant's] probation revocation sentence on May 3, 2017[?]

2. Whether the evidence presented at the [probation revocation] hearing on May 3, 2017 was legally sufficient to support a finding that [Appellant] violated his probation[?]

Appellant's Brief at 4 (complete capitalization omitted).

In his first issue, Appellant argues that the trial court abused its discretion by imposing a special condition of probation limiting his use of the internet and computers. Appellant's argument challenges the discretionary aspects of his sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. See 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. Id.

In order to reach the merits of a discretionary aspects claim,

_____

[5] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether the appellant preserved his or her issue; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

Commonwealth v. Foust, 180 A.3d 416, 439 (Pa. Super. 2018) (cleaned up). Appellant filed a timely notice of appeal and preserved the issue in his post-sentence motion. He failed, however, to include a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his appellate brief and the Commonwealth objected to this omission in its brief. Thus, Appellant waived the challenge to the discretionary aspects of his sentence. See Commonwealth v. Heaster, 171 A.3d 268, 272 n.3 (Pa. Super. 2017), appeal denied, 181 A.3d 1078 (Pa. 2018) (citation omitted).

In his second issue, Appellant argues that there was insufficient evidence to revoke his probation. A claim that the evidence was insufficient to revoke probation is

a question of law subject to plenary review. We must determine whether the evidence admitted . . . and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth . . . , is sufficient to support [a finding that the appellant violated the terms of his probation]. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

Commonwealth v. Perreault, 930 A.2d 553, 558 (Pa. Super. 2007), appeal denied, 945 A.2d 169 (Pa. 2008) (citation omitted).

As this Court has stated:

> A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct. Moreover, the Commonwealth need only make this showing by a preponderance of the evidence.

Commonwealth v. Ortega, 995 A.2d 879, 886 (Pa. Super. 2010), appeal denied, 20 A.3d 1211 (Pa. 2011) (cleaned up).

In this case, Appellant, through counsel, conceded at the revocation hearing that he failed to comply with the terms of his probation. See N.T., 5/3/17, at 3. This was not the first time Appellant violated the terms of his probation. Instead, it was part of a series of probation violations. Appellant failed to comply with the terms of his probation since he was released from prison. Combined, these facts showed, by a preponderance of the evidence, that probation has been an ineffective vehicle for accomplishing rehabilitation and preventing antisocial conduct. Accordingly, there was sufficient evidence for the trial court to revoke Appellant's probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2018