J-S17024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER A. LUGO | |
| Appellant | No. 1601 MDA 2019 |

Appeal from the PCRA Order entered August 26, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0005960-2017

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 08, 2020**

Appellant, Alexander A. Lugo, appeals *pro se* from the August 26, 2019 order of the Court of Common Pleas of Berks County, which dismissed his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the factual and procedural background as follows.

> On April 16, 2018, [Appellant pled] guilty to possession of firearms prohibited and possession with the intent to manufacture or deliver a controlled substance and was sentenced to a negotiated plea agreement of a concurrent five (5) to ten (10) years at both counts.  [Appellant] was represented [by counsel] during his case and his guilty plea proceedings[.]  No post[-]sentence motions were filed.  [Appellant] sought no direct appeal.  A timely *pro se* [PCRA petition] was filed on October 10, 2018.  On February 14, 2019, PCRA counsel filed a timely No Merit Letter and petition to withdraw from representation pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998) and ***Commonwealth v.***

> ***Turner***, 544 A.2d 927 (Pa. 1988). On May 2, 2019, [Appellant] filed a request for an evidentiary hearing. On July 9, 2019, [Appellant] filed a "Request for Judge to Accept PCRA and Grant Evidentiary Hearing" again restating his assertion that his guilty plea counsel had coerced him into taking a plea when counsel indicated that he would lose if he went to trial and therefore didn't take the case seriously. Appointed PCRA counsel advised [Appellant] that in his professional opinion [Appellant] was ineligible for relief under the PCRA, after exhaustively reviewing the complete record on file with the Berks County Clerk of Courts, notes of testimony, the applicable law concerning the claim raised in support of the issues raised. [On October 2, 2019, the PCRA court granted counsel's petition to withdraw].

PCRA Court's Order and Notice of Intent to Dismiss, 7/24/19, at 1-2 (unnecessary capitalization omitted).

After considering Appellant's response to the notice, on August 26, 2019, the PCRA court dismissed Appellant's PCRA petition. On August 29, 2019, Appellant filed *pro se* a timely notice of appeal. On September 4, 2019, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant did not file a statement despite being ordered to do so.[1]

In its Rule 1925(a) opinion, the PCRA court asked us to deny his appeal in light of Appellant's failure to file a Rule 1925(b) statement. In addition, the

---

[1] The record shows that the order in question was served on Appellant on September 4, 2019. In his appellate brief, Appellant did not address the issue.

PCRA court reasoned that to the extent Appellant's claims were not waived, his claims of ineffective assistance of counsel did not have merit.[2]

On appeal, Appellant raises six claims for our review. The first three allege trial errors, the fourth and fifth claims allege ineffective assistance of counsel, and the last claim alleges errors by the PCRA court.

Our standard of review from a PCRA court's determination is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Upon review, we agree with the PCRA court that Appellant waived his claims by failing to file a Rule 1925(b) statement.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)] that must be applied here: "[I]n order to preserve their claims for appellate

---

[2] The Commonwealth similarly argued, *inter alia*, that the claims were waived for the reasons stated by the PCRA court.

review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [**Lord**,] 719 A.2d at 309.

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

Here, Appellant failed to file a court-ordered Rule 1925(b) statement, and he does not contend otherwise. It is well-established that, "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Postie**, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) (citation omitted). Therefore, because Appellant failed to file a Rule 1925(b) statement, all of his issues are waived.

Order affirmed.[3]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/08/2020

---

[3] While the instant appeal was pending, Appellant filed a "motion for a reverse and remanded for new trial or dismissal of all charges against the Appellant." Application for Relief, 6/9/20. In light of our disposition, said motion is denied.