J-A25027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
                                               :
            v.                                 :
                                               :
                                               :
ELIJAH  MOORER, JR.                    :
                                               :
                 Appellant             :     No. 1752 MDA 2019

Appeal from the PCRA Order Entered October 14, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000532-2013

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                  **FILED NOVEMBER 19, 2020**

Appellant, Elijah Moorer, Jr., appeals *pro se* from the order entered on October 14, 2019, which denied his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We dismiss this appeal.

This Court has previously explained:

> on December 9, 2013, Appellant pled guilty to multiple counts of drug delivery and violations of the Uniform Firearms Act. On March 12, 2014, the trial court imposed 36 to 72 years of incarceration.  On March 31, 2015, the trial court imposed the same term without relying on any mandatory minimums, thereby bringing the sentence into compliance with ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).  This Court affirmed the judgment of sentence on March 22, 2016. [***Commonwealth v. Moorer***, 141 A.3d 591 (Pa. Super. 2016) (unpublished memorandum) at 1-10.]

***Commonwealth v. Moorer***, 198 A.3d 464 (Pa. Super. 2018) (unpublished memorandum) at 1.

On February 29, 2016, Appellant filed a timely, *pro se* PCRA petition. The PCRA appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. Nevertheless, the PCRA court denied Appellant relief on his petition and, on September 18, 2018, this Court affirmed the PCRA court's order. *Id.* at 1-6.

Following our September 18, 2018 memorandum opinion, Appellant began filing innumerable *pro se* petitions and amended petitions, where he sought relief from his judgment of sentence. The PCRA court denied Appellant's requests for relief in various orders and Appellant filed a notice of appeal.

Appellant's brief to this Court is approximately 240 pages long and exceeds 50,000 words. This is in flagrant violation of Pennsylvania Rule of Appellate Procedure 2135, which mandates that "[a] principal brief **shall not** exceed 14,000 words." Pa.R.A.P. 2135(a)(1) (emphasis added). Appellant has also violated our Rules of Appellate Procedure, in that: Appellant's brief does not contain "a certificate of compliance with the word count limit," as required by Rule 2135(a)(1) and (d); Appellant failed to attach the relevant trial court opinions to his brief, as required by Rule 2111(a)(10) and (b); and, Appellant has not divided his argument section "into as many parts as there are questions to be argued," as required by Rule 2119(a). We further note that Appellant's statement of questions involved lists 131 separate legal issues.

Considering the length of Appellant's brief and the multitude of issues Appellant has attempted to include in the brief, Appellant's failure to comply with our Rules of Appellate Procedure substantially impedes our ability to conduct meaningful appellate review of Appellant's claims, as we are unable to discern the issues Appellant wishes this Court to review. As such, we dismiss this appeal. *See* Pa.R.A.P. 2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); *see also Commonwealth v. Postie*, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Commonwealth's application to quash appeal denied. Appeal dismissed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2020

- 3 -