J-A28006-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| IN RE: THE ESTATE OF ALBERT BONIELLA, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| :--- | :--- | :--- |
| | : | |
| | : | |
| | : | |
| APPEAL OF: DAVID BONIELLA | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 305 WDA 2020 |

Appeal from the Order Dated February 20, 2020
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  2620-0098

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

JUDGMENT ORDER BY OLSON, J.:               FILED DECEMBER 18, 2020

Appellant, David Boniella, appeals pro se from the order entered on February 20, 2020.  We dismiss this appeal.

Albert Boniella (hereinafter "Decedent") died intestate on October 18, 2019.  Decedent was widowed at the time of his death and left behind three adult children:  Appellant, Marlene Olinzock (hereinafter "Marlene"), and Christine Anne Adams.  See Petition for Appointment of Administratrix, 2/4/20, at 1.

On February 4, 2020, Marlene filed a "Petition for Appointment of Administratrix," where she requested that the orphans' court appoint her administratrix of the Estate of Albert Boniella.  See id.  As the orphans' court explained:

> [Marlene's] Petition for Appointment of Administratrix was presented in open court on February 19, 2020 at 9:00 a.m. . . . No one appeared to oppose the petition.  The court signed

the proposed order on February 20[, 2020], and it was filed of record at 10:05 a.m. that same day. Thereafter, Appellant filed a document captioned: "Routine motion statement for continuance" at 1:55 p.m., too late for the court to consider before deciding the petition, but retrospectively containing no valid legal reason whatsoever for [relief].

Trial Court Opinion, 5/18/20, at 1-2 (some capitalization omitted).

Appellant filed a timely notice of appeal from the orphans' court's February 20, 2020 order.

Appellant's brief does not include a Pennsylvania Rule of Appellate Procedure 2116(a) "statement of questions involved"[1] and a review of Appellant's brief does not reveal any comprehensible argument or claim of error. Further, since this Court is unable to discover a rational argument or claim of error in Appellant's brief, we must conclude that the procedural and substantive defects in Appellant's brief completely preclude meaningful appellate review. As such, we dismiss this appeal. See Pa.R.A.P. 2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal

_____

[1] Appellant's brief also does not contain: a statement of jurisdiction (Pa.R.A.P. 2111(a)(1)); the order that is the subject of the appeal (Pa.R.A.P. 2111(a)(2)); a statement of the scope and standard of review (Pa.R.A.P. 2111(a)(3)); a statement of the case (Pa.R.A.P. 2117); a summary of argument (Pa.R.A.P. 2118); any citation to the record or legal authority (Pa.R.A.P. 2119); a table of contents (Pa.R.A.P. 2174); a copy of the trial court's opinion (Pa.R.A.P. 2111(b)); or, a copy of Appellant's Rule 1925(b) statement (Pa.R.A.P. 2111(d)).

or other matter may be quashed or dismissed."); see also Commonwealth v. Postie, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant.  Accordingly, a pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Appeal dismissed.  Application for Video Argument denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2020