J-A02008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL L. SPUCK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY KATHRYN SALYNSKI, ESQUIRE | : | No. 551 WDA 2021 |

Appeal from the Order Entered April 1, 2021
In the Court of Common Pleas of Mercer County Civil Division at No(s):
2014-02833

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: December 27, 2021**

Appellant, Daniel L. Spuck, appeals *pro se* from the order entered on April 1, 2021.  We dismiss this appeal.

The trial court ably summarized the underlying facts and procedural posture of this case:

> On March 22, 1996, Appellant was found guilty of third-degree murder in the stabbing death of Michael Cramer and recklessly endangering another person in the stabbing of his wife, Cindy Spuck. Appellant was sentenced to 11 to 22 years in Pennsylvania state prison. Appellant's conviction and sentence were upheld on direct appeal on October 1, 1998. Appellant subsequently filed a series of petitions under the Post-Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. § 9541. In one of the PCRA petitions, Appellant brought an action against his prior counsel for ineffective assistance of counsel. Appellant's prior counsel was represented in the action by Appellee Mary K. Salynski, Esquire ("Appellee").

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant then brought an action against Appellee for making defamatory statements, filing a complaint with [the trial court] on September 15, 2014. On the same day, Appellant filed a petition to proceed *in forma pauperis*, which [the trial court] granted on September 18, 2014. Appellee was personally served with the summons and complaint on October 15, 2014. Appellee never responded to the complaint or other notices, so Appellant filed a Motion to Enter Judgment by Default on March 11, 2015. On March 27, 2015, [the trial court] denied Appellant's motion for failure to comply with Pennsylvania Rule of Civil Procedure 237.1. Appellant then filed a Motion for Reconsideration on April 9, 2015. [The trial court] denied that motion on May 20, 2015.

. . .

Over two years later, on April 4, 2018, [the trial court] ordered that the parties be given 30 days to request an evidentiary hearing to show why the matter should not be dismissed under Pennsylvania Rule of Judicial Administration 1901 on the grounds that it had been inactive for an unreasonable period of time. On May 7, 2018, Appellant requested an evidentiary hearing. At the evidentiary hearing on July 6, 2018, [the trial court] held that the case would not be dismissed because there had been docket activity within the last two years. Appellee failed to appear at the evidentiary hearing.

On April 9, 2019, [the trial court] again ordered that the parties be given 30 days to request an evidentiary hearing to show why the matter should not be dismissed. On April 30, 2019, Appellant filed a Praecipe for Trial by Jury and on May 10, 2019, requested an evidentiary hearing. At the evidentiary hearing on June 6, 2019, [the trial court] held that the matter was not dismissed and ordered Appellant to provide within 60 days an address where Appellee could be served. Appellee again failed to attend the evidentiary hearing. Appellant provided the Court with Appellee's address on July 30, 2019.

[The trial court] ordered a status conference to be held on November 1, 2019. Appellee failed to appear. [The trial court] verified that the addresses for both Appellant and Appellee were correct, and informed Appellant that it was up

to him to take the next step in pursuing the matter, including filing for default judgment.

On April 7, 2020, [the trial court] again ordered that the parties be given 30 days to request an evidentiary hearing to show why the matter should not be dismissed. Appellant filed a Notice of Intent to Take Default Judgment against Appellee on April 29, 2020. On May 6, 2020, Appellant requested an evidentiary hearing. At the evidentiary hearing on June 1, 2020, [the trial court] ordered that because Appellee failed to appear and Appellant had recently filed a Notice of Intent to Take Default Judgment, Appellant was permitted to pursue his claims and the matter was not dismissed.

On November 18, 2020, Appellant filed a Praecipe to Enter Default Judgment and Assessment of Damages. Appellee was successfully served on October 3, 2020. On March 3, 2021, Appellant filed a Praecipe to Assess Damages, requesting $25,832,400.00 in damages. At the March 30, 2021 Hearing on Damages, [the trial court] issued an Order stating that Appellant obtained judgment against Appellee by default. [The trial court] found that Appellant was only entitled to one dollar in damages plus record costs because Appellant failed to provide specifics as to how he calculated his damages.

On April 12, 2021, Appellant filed a Motion for Reconsideration, which was denied on April 26, 2021. Appellant then filed a Notice of Appeal on April 29, 2021, appealing the March 30, 2021 Order awarding Appellant one dollar in damages. Appellant also filed a Statement of Errors Complained of on Appeal on April 29, 2021. On May 20, 2021, Appellant filed an Amended Notice of Appeal, appealing instead the April 26, 2021 Order denying reconsideration. On May 20, 2021, Appellant also filed an Amended Statement of Errors Complained of on Appeal.

Trial Court Opinion, 6/21/21, at 2-5.

Appellant raises one claim on appeal:

Whether the trial court erred abused their discretion when they found no specifics on damages, when a brief was filed

prior to hearing, showing numerous specifics on money damages?

Appellant's Brief at 2 (some capitalization omitted).

Our review of Appellant's brief does not reveal a comprehensible argument and Appellant does not cite to any legal authority to support the claim he raises on appeal.[1] Further, since this Court is unable to discover a rational argument in Appellant's brief, we must conclude that the procedural and substantive defects in Appellant's brief completely preclude meaningful appellate review. As such, we dismiss this appeal. ***See*** Pa.R.A.P. 2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); ***see also Commonwealth v. Postie***, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

_____

[1] Appellant's brief also does not contain: a statement of jurisdiction (Pa.R.A.P. 2111(a)(1)); a statement of the scope and standard of review (Pa.R.A.P. 2111(a)(3)); a statement of the case (Pa.R.A.P. 2117); a summary of argument (Pa.R.A.P. 2118); any citation to legal authority (Pa.R.A.P. 2119); or, a table of contents (Pa.R.A.P. 2174).

Appeal dismissed. Appellant's Motion for Leave to Appear Remotely at Argument is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2021