J-A05006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOUGLASS E. HOWARD, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FIRST NATIONAL BANK | : | No. 162 MDA 2021 |

Appeal from the Order Entered December 16, 2020
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2020-CV-12016-CV

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY OLSON, J.:        **FILED: FEBRUARY 7, 2022**

Appellant, Douglass E. Howard, Jr., appeals *pro se* from the order entered on December 16, 2020.  We dismiss this appeal.

Appellant filed an appeal from the trial court's December 16, 2020 order, which dismissed Appellant's complaint because the underlying action was frivolous.  **See** Trial Court Order, 12/16/20, at 1.

Our review of Appellant's brief does not reveal a comprehensible argument and Appellant does not cite to either the record or legal authority to support the claims he raises on appeal. As this Court has long noted:

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities.  This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.  Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

---

[*] Former Justice specially assigned to the Superior Court.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012), *appeal denied*, 69 A.3d 603 (Pa. 2013) (internal citations and quotations omitted). Here, Appellant failed to cite any legal authority to support his woefully underdeveloped argument. Moreover, he failed to cite to the record. These procedural and substantive defects in Appellant's brief completely preclude meaningful appellate review. As such, we dismiss this appeal. **See** Pa.R.A.P. 2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); **see also Commonwealth v. Postie**, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/7/2022