J-S11023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ALLEN BAILEY | : | |
| | : | |
| Appellant | : | No. 1164 WDA 2021 |

Appeal from the PCRA Order Entered September 13, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003243-2016

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MAY 20, 2022**

Appellant, Michael Allen Bailey, appeals *pro se* from the order entered on September 13, 2021, which dismissed his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We dismiss this appeal.

A jury found Appellant guilty of burglary, criminal trespass, and theft by unlawful taking and, on February 8, 2018, the trial court sentenced Appellant to serve an aggregate term of three to 22 years in prison for his convictions.[1] We affirmed Appellant's judgment of sentence on September 12, 2018; the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 10, 2019 and then denied Appellant's application for reconsideration on June 5, 2019.  ***Commonwealth v. Bailey***, 198 A.3d 452

---

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 3503(a)(1)(ii), and 3921(a), respectively.

(Pa. Super. 2018) (unpublished memorandum) at 1-3, *appeal denied*, 206 A.3d 493 (Pa. 2019); Pennsylvania Supreme Court Order, 6/5/19, at 1.

On June 29, 2021 – or, over two years after the Pennsylvania Supreme Court denied Appellant's application for reconsideration – Appellant filed a *pro se* "Petition for Modification of Sentence for RRRI,"[2] in which he claimed that his sentence is illegal, as the trial court erroneously determined that he was RRRI ineligible. The lower court properly treated Appellant's filing as a PCRA petition and, since this was Appellant's first petition under the PCRA, the PCRA court appointed counsel to represent Appellant during the proceedings. **See** 42 Pa.C.S.A. § 9542 (the PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief;" the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*"); **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) ("[t]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment"); **Commonwealth v. Quiles**, 166 A.3d 387 (Pa. Super. 2017) ("[t]he question of whether a defendant is RRRI eligible . . . implicates the legality of the sentence imposed").

Appointed counsel later filed a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988)

---

[2] "RRRI" is an abbreviation for Recidivism Risk Reduction Incentive.

and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).
***See*** Petition for Leave to Withdraw, 8/16/21, at 1. On August 23, 2021, the
PCRA court granted counsel's petition for leave to withdraw and notified
Appellant that it intended to dismiss his petition in 20 days, without a hearing,
as the petition was untimely. ***See*** PCRA Court Order, 8/23/21, at 1; PCRA
Court's Notice of Intent to Dismiss, 8/23/21, at 1; Pa.R.Crim.P. 907(1). The
PCRA court finally dismissed Appellant's PCRA petition on September 13, 2021
and Appellant filed a timely, *pro se* notice of appeal.

Our review of Appellant's brief does not reveal a comprehensible
argument on appeal.[3] Further, since this Court is unable to discover a rational
argument in Appellant's brief, we must conclude that the procedural and
substantive defects in Appellant's brief completely preclude meaningful
appellate review. As such, we dismiss this appeal. ***See*** Pa.R.A.P. 2101
("[b]riefs and reproduced records shall conform in all material respects with
the requirements of [our] rules as nearly as the circumstances of the particular
case will admit, otherwise they may be suppressed, and, if the defects are in
the brief or reproduced record of the appellant and are substantial, the appeal
or other matter may be quashed or dismissed."); ***see also Commonwealth
v. Postie***, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court

---

[3] Appellant's brief does not contain: a statement of jurisdiction (Pa.R.A.P. 2111(a)(1)); a statement of the scope and standard of review (Pa.R.A.P. 2111(a)(3)); a statement of the questions involved (Pa.R.A.P. 2111(a)(4)); a statement of the case (Pa.R.A.P. 2117); a summary of the argument (Pa.R.A.P. 2118); or, a table of contents (Pa.R.A.P. 2174).

is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/20/2022