J-S44026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: O.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | No. 760 MDA 2022 |

Appeal from the Dispositional Order Entered March 16, 2022
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-JV-0000257-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: O.M, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: O.M., A MINOR | : | |
| | : | No. 761 MDA 2022 |

Appeal from the Dispositional Order Entered March 16, 2022
In the Court of Common Pleas of York County Juvenile Division at No(s):
CP-67-JV-0000290-2020

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED MARCH 30, 2023**

O.M. appeals the dispositional orders entered following his adjudications

of delinquency for rape, sexual assault, and sexual abuse of children – child

pornography.[1] He challenges the court's denial of his motion to recuse, as well

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, and 6312(d), respectively.

as the sufficiency and weight of the evidence to support his adjudication of delinquency for child pornography. We affirm.

The Commonwealth charged O.M. with the rape and sexual assault of his juvenile cousin, who had become pregnant and given birth as a result of sexual intercourse with O.M. Before the delinquency hearing, O.M. filed a Motion for Recusal/Continuance. O.M. argued the assigned judge should recuse himself because he had presided over dependency cases regarding O.M., the victim, and their child.[2] He maintained that the court had learned information during its involvement in the dependency matters that it could not put aside and "dispense impartial judgment in any of [O.M.]'s Delinquency Matters." Mot. to Recuse/Continuance, filed 11/4/21, at ¶ 19. The Commonwealth responded that recusal was not necessary because "there has been no appearance of impropriety or anything to show that this Honorable Court cannot be impartial in deciding the delinquency matters." Commonwealth's Mot. in Opp'n of Def.'s Mot. for Recusal and Continuance, filed 11/5/21, at ¶ 9. The court denied O.M.'s motion.

Subsequently, the Commonwealth charged O.M. with possessing child pornography on his cellular phone. The court held a hearing on December 8, 2021, at which the Commonwealth presented the following evidence.[3] Officer

_____

[2] At the time of this filing, O.M.'s paternity of the child was contested. However, it is now uncontested that O.M. is the child's father.

[3] This hearing was held after the hearing for O.M.'s crimes against the victim, which was held on November 10, 2021.

Jonathan G. Hehnly testified that he confiscated O.M.'s iPhone as part of the investigation related to the sexual assault of the victim.[4] N.T., 12/8/21, at 9. Officer Hehnly took the phone from O.M.'s person and had his mother fill out and sign a Consent to Search Warrant for the phone. While searching the phone, Officer Hehnly found what he characterized as "child pornography." *Id.* at 11. He testified that it was a "22 second video with two young white children both between the age[s] of approximately seven to ten." *Id.* at 12. He testified that it appeared from the video that "the white male appeared to be penetrating the female from behind" and that the female could be heard saying "ow, it hurts." *Id.* at 12, 13. Officer Hehnly testified that the video was dated July 6, 2019, and that it was saved in the imaging videos folder on the same day. After finding this, he sent the phone to the York County Forensic Cyber Crime Unit to be analyzed. *Id.* at 11. Officer Hehnly stated that upon speaking with O.M., he denied having any knowledge of the video. When asked whether he asked O.M. if anyone else had access to the phone, Officer Hehnly replied, "I don't recall." *Id.* at 18.

Detective Timothy R. Utley, a member of the Cyber Crime Team of the Forensic Unit at the York County District Attorney's Office, testified that he analyzed O.M.'s phone. He testified that he located the same pornographic video that Officer Hehnly discovered. *Id.* at 26. The video was saved in the "media folder, which is indicated as saved with the other videos and photos

---

[4] This is referenced in the notes of testimony as "the investigation from November 2019." N.T. at 9.

that are on the phone." *Id.* He also testified that in his experience with the specific iPhone that O.M. had, he was unaware of items being saved to an iPhone automatically or by themselves. *Id.* at 27. He testified that he identified the phone as belonging to O.M. based on messages attached to an email address containing O.M.'s name. *Id.* Detective Utley testified that he completed a report for the cellphone's analysis and the Commonwealth introduced and admitted the report into evidence. *Id.* at 23, 24. The report noted that the phone was received on November 28, 2019, and that the analysis for the phone was completed on January 30, 2020.

O.M. testified that he told Officer Hehnly "that I wasn't aware of [the video] and I didn't know where [the video] came from." *Id.* at 31. The parties stipulated that "the video in question is child pornography." *Id.* at 13.

At the close of trial, defense counsel argued that the Commonwealth had failed to prove that O.M. knowingly possessed child pornography. *Id.* at 33. The Commonwealth countered that it had proved O.M. knowingly possessed the video by his action of saving the video to his phone, noting that the video was downloaded in July 2019 and was still on the phone when police confiscated it in November 2019.

The court held that the Commonwealth met its burden beyond a reasonable doubt. It noted that the video was saved to the phone, it was never deleted, and there was "no testimony to indicate that anyone else had access to the phone." *Id.* at 34.

The court adjudicated O.M. delinquent at both dockets. Relevant to this appeal, O.M. filed a post-disposition motion challenging the weight of the evidence for child pornography, which the court denied. This timely appeal followed.

O.M. presents the following issues:

> [1.] Did the trial court err when it failed to recuse itself where the court also presided both the [victim's] and [O.M.'s] dependency cases and would have had knowledge of the facts of the case gathered outside the trial that could lead to the appearance of impropriety?

> [2.] Was the evidence insufficient to convict [O.M.] of possession of child pornography where the Commonwealth failed to prove he knowingly or intentionally viewed any image or video containing child pornography?

> [3.] Was the verdict against the weight of the evidence where the Commonwealth did not put forth any evidence [O.M.] was the sole person with access to the device with the child pornography on it and where of the 306 videos on the phone only one was deemed child pornography, which indicates a mistake rather than intentional or knowing possession?

O.M.'s Br. at 6 (suggested answers omitted).

O.M. first argues that the court erred in denying his motion to recuse since the court had been involved in his, the victim's, and their child's dependency matters. O.M. points out that as part of his dependency case, the court "reviewed and relied on psychosexual evaluations to determine appropriate placement" for him. *Id.* at 18. He also states that the court received "updates from [O.M.]'s treatment facilities . . . which placed him in a bad light and pushed for him to deny his innocence." *Id.* at 19. These

updates and psychosexual evaluations contained information such as "[O.M] was not adjusting well to his treatment because he was asserting he had not been found guilty," "a sexual history that was [at] odds with the testimony given by [O.M.] at his adjudication hearing," and "[O.M.]'s troubling sexual behavior towards the other youths he was in placement with." *Id.* at 20, 21, 24. Additionally, O.M. asserts that the court presided over the dependency matters of the victim and her child. He maintains that since credibility was at issue for the case involving rape and sexual assault, and the court had knowledge of facts that "cast doubt on O.M.'s credibility," it should have recused itself. *Id.* at 26. He argues that "[a] judge who has learned intimate details of the conflicting parties' lives through dependency hearings should not preside over the adjudication of guilt or innocence of one of those parties if the extraneous information may damage the credibility of a party." *Id.* at 22-23. He maintains that in such circumstances, when the judge fails to recuse, "it leads to the appearance of impropriety." *Id.* at 23.

Our review of a court's decision not to recuse itself is "exceptionally deferential" and limited to review for an abuse of discretion. *Commonwealth v. Postie*, 110 A.3d 1034, 1037 (Pa.Super. 2015) (quoting *Commonwealth v. Harris*, 979 A.2d 387, 391 (Pa.Super. 2009)). "We recognize that our trial judges are honorable, fair and competent," and the judge "is best qualified to gauge his [or her] ability to preside impartially." *Id.* (quoting *Harris*, 979 A.2d at 391-92). "[A] trial judge should grant the motion to recuse only if a doubt exists as to his or her ability to preside impartially or if impartiality can

be reasonably questioned." ***In re A.D.***, 93 A.3d 888, 892 (Pa.Super. 2014). The proponent for recusal "bears the burden of setting forth specific evidence of bias, prejudice, or unfairness." ***Postie***, 110 A.3d at 1037 (quoting ***Harris***, 979 A.2d at 392).

In its Rule 1925(a) opinion, the court acknowledged that it had read evaluations of both O.M. and the victim in their dependency matters. However, the court stated that it "was able to set aside that information and base its decision solely on the testimony and the evidence presented in Court." 1925(a) Opinion, filed 6/13/22, at 2 (unpaginated). It further noted that it "did not, in any way, rely on information from the dependency matter." ***Id.***

We discern no abuse of discretion. Though the court had information regarding both the victim and O.M., the trial court was "best qualified to gauge its ability to preside impartially." ***Postie***, 110 A.3d at 1037 (citation omitted). The court determined that despite its knowledge of both parties' dependency matters it could set aside this information and preside over the case impartially. While O.M. has pointed out many reasons to suggest that the court could have been biased, prejudiced, or unfair towards him, he has failed to meet his burden to set forth specific evidence of bias, prejudice, or unfairness on the part of the court. Nor do we think he has shown an abuse of discretion in the rejection of the claim of an appearance of impropriety. As such, this claim fails.

Next, O.M. challenges the sufficiency of the evidence for his adjudication of guilt for child pornography. He argues that the Commonwealth failed to

meet its burden of proving beyond a reasonable doubt that he "knowingly or intentionally possessed" child pornography. O.M.'s Br. at 29. He maintains that the Commonwealth "merely established that it was on his phone" but "put forth no evidence OM actually viewed or accessed the material." *Id.* He argues that neither Officer Hehnly nor Officer Utley testified regarding how the video was "knowingly downloaded by [O.M.] or subsequently viewed by [O.M.]" *Id.* at 31. O.M. asserts that this case is distinguishable from other cases where the Commonwealth proved knowing or intentional possession of child pornography. He cites *Commonwealth v. Diodoro*, 970 A.2d 1100, 1101 (Pa. 2009), where the Commonwealth provided evidence that the defendant deliberately accessed and viewed images of child pornography on the Internet that were stored in his computer's cache files. He also references *Commonwealth v. Colon-Plaza*, 136 A.3d 521 (Pa.Super. 2016), and *Commonwealth v. Sauers*, 159 A.3d 1 (Pa.Super. 2017). In *Colon-Plaza*, the Commonwealth provided evidence that the defendant had used a file-sharing program to download child pornography. 136 A.3d at 527. In *Sauers*, the Commonwealth provided evidence that the defendant accessed and downloaded child pornography, and later deleted it. 159 A.3d at 12.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, with all reasonable inferences therefrom in the Commonwealth's favor, and determine whether the Commonwealth proved each element of the crime beyond a reasonable doubt. *Commonwealth v. Green*, 204 A.3d 469, 484 (Pa.Super.

2019). The Commonwealth may satisfy its burden "by means of wholly circumstantial evidence." *Id.* at 484-85 (quoting *Commonwealth v. Brown*, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*)).

The crime of child pornography is established where the Commonwealth proves that the defendant "intentionally view[ed] or knowingly possesse[d] or control[led] any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act[.]" 18 Pa.C.S.A. § 6312(d).

We agree with O.M. that the facts of this case are different from the facts of the cases he references. However, we nonetheless conclude that the evidence here was sufficient to prove that O.M. knowingly possessed or controlled the video.

Police confiscated O.M.'s phone from his person and discovered one video depicting child pornography. This video was downloaded to the phone in July 2019 and remained on the phone when officers confiscated it in November 2019. Detective Utley testified that the video was saved in the media folder "with the other videos and photos that are on the phone." Notably, Detective Utley testified that in his experience, he was unaware of any way that items could be saved to an iPhone automatically or by themselves. This testimony, together with the testimony linking O.M. to the phone, and the absence of anything of record suggesting anyone else had access to the phone, was enough to carry the prosecution's burden. Although

- 9 -

O.M. testified that he had no knowledge of the video or how it came to be on his phone, the trial court was free to not believe him. *See Commonwealth v. Koehler*, 914 A.2d 427, 436 (Pa.Super. 2006). Viewing the facts in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom in the Commonwealth's favor, the Commonwealth met its burden of proving beyond a reasonable doubt that O.M. knowingly possessed or controlled child pornography on his iPhone.

O.M.'s final claim addresses the weight of the evidence for this same charge. He incorporates his arguments in support of his sufficiency challenge to this charge, and notes that out of numerous items and other "items of interest" on the phone, there was only one video containing child pornography. O.M.'s Br. at 33. He also asserts that he denied knowing about the video and Officer Hehnly could not remember if he asked O.M. if anyone else had access to the phone. He argues that "[t]hese facts weigh heavily in favor of mistaken possession, without any actual knowledge of possession." *Id.* at 32.

"When reviewing a challenge to the weight of the evidence, the verdict may be reversed only if it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Davidson*, 860 A.2d 575, 582 (Pa.Super. 2004). We review the lower court's rejection of a weight claim for an abuse of discretion. *Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013).

The juvenile court did not abuse its discretion in this regard. We are unpersuaded by O.M.'s argument that he only had one video depiction of child pornography. The statute does not place a threshold amount of child pornographic material before it may be considered a crime. Perhaps more to the point, the fact that one out of many other items on the phone was child pornography does not make it an abuse of discretion to find the adjudication is not against the weight of the evidence. ***See*** 18 Pa.C.S.A. § 6312(d). Furthermore, as we stated previously, the court was free to disbelieve O.M.'s testimony that he did not know about the video. The court did not abuse its discretion in rejecting O.M.'s weight claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/30/2023