J-A10004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
                                         :
                v.                         :
                                         :
                                         :
ALBERT DUNKOWSKI                :
                                         :
            Appellant            :      No. 2116 EDA 2022

Appeal from the Judgment of Sentence Entered May 25, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006344-2021

BEFORE: PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED JULY 18, 2023**

Albert Dunkowski brings this appeal from the judgment of sentence imposed after he pled guilty to default in appearance, stemming from his flight from the state while he was on bail during a criminal trial. We affirm.

In October 2021, Dunkowski and his wife were on trial for multiple charges of endangering the welfare of their children. On the second day of trial, Dunkowski offered direct testimony, and it was agreed by all parties that Dunkowski would be cross-examined the following morning. The trial court ordered all parties to return at 9:30 a.m. Dunkowski failed to appear as directed. When Dunkowski's whereabouts could not be ascertained, a bench warrant was issued, and the trial continued in his absence.

---

[*] Former Justice specially assigned to the Superior Court.

Over two weeks later, Dunkowski was apprehended in Maryland. On October 21, 2021, he was charged with default in required appearance.[1] On April 26, 2022, Dunkowski filed a motion for recusal, which the trial court denied that day. Dunkowski entered a guilty plea on May 25, 2022, and the trial court sentenced him to serve a term of incarceration of three to twelve months. Immediately before the guilty plea and sentencing hearing, the trial court heard argument on the motion for recusal and, again, denied relief.

Dunkowski filed a timely post-sentence motion arguing that the trial court should reconsider its decision to deny the motion for recusal. A hearing was held on July 21, 2022, at the conclusion of which the trial court denied the motion on the record. This timely appeal followed. Dunkowski asks this Court to review the trial court's determination to deny the motion for recusal and to address a claim that the trial court abused its discretion in fashioning his sentence.

Dunkowski first argues that the trial court abused its discretion in denying his motion for recusal. *See* Appellant's Brief at 10-15. He contends that, because the trial judge had previously sentenced Dunkowski to a term of incarceration at trial court docket number CR-225-2020 and that matter was pending on appeal, an appearance of impropriety was presented at the time Dunkowski appeared for sentencing in the instant case. Dunkowski posits

---

[1] 18 Pa.C.S.A. §§ 5124.

that "the trial court heard his second case after imposing an unduly harsh sentence in the first case, which was on appeal at the time." *Id*. at 13. Dunkowski claims that an appearance of impropriety was created, and the trial court erred in failing to recuse itself.

We note that the analysis of a judge's ability to be impartial is inherently a subjective one:

> If a party questions the impartiality of a judge, the proper recourse is a motion for recusal, requesting that the judge make an independent, self-analysis of the ability to be impartial. If content with that inner examination, the judge must then decide whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This assessment is a personal and unreviewable decision that only the jurist can make.

*Commonwealth v. Luketic*, 162 A.3d 1149, 1158 (Pa. Super. 2017) (citation omitted).

"Our standard of review of a trial court's determination not to recuse from hearing a case is exceptionally deferential." *Commonwealth v. Postie*, 110 A.3d 1034, 1037 (Pa. Super. 2015) (citation omitted). "The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion." *Commonwealth v. Sarvey*, 199 A.3d 436, 454 (Pa. Super. 2018) (citation omitted).

"This Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability

to determine whether they can rule impartially and without prejudice." ***Luketic***, 162 A.3d at 1157 (citation and quotation marks omitted). We have reiterated that "[j]udges in the smaller counties commonly preside over multiple proceedings involving a given defendant and his or her friends and family, and that fact, in and of itself, is not indicative of bias." ***Sarvey***, 199 A.3d at 454 (citation omitted). The party requesting recusal must "produce evidence establishing bias, prejudice or unfairness [that] raises a substantial doubt as to the jurist's ability to preside impartially." ***Commonwealth v. Tedford***, 960 A.2d 1, 55–56 (Pa. 2008) (citation omitted). ***See also Commonwealth v. Postie***, 110 A.3d 1034, 1038 (Pa. Super. 2015) (citation omitted) (holding trial court did not abuse its discretion in denying recusal motion where court had sat as suppression court because the defendant made "no argument that his admissions at the suppression hearing were inadmissible or that trial proceedings were flawed" and, in any event, "a trial judge is 'capable of disregarding prejudicial evidence'").

In his appellate brief, Dunkowski does not argue that the trial judge was incapable of being impartial. Rather, he argues that the trial judge should have recused due to an appearance of impropriety. ***See*** Appellant's Brief at 12.

Even if content with the inner examination of the ability to be impartial, "the judge must then decide whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary." ***Commonwealth v. Kane***, 188 A.3d 1217,

1225 (Pa. Super. 2018). Our case law has recognized several ways a litigant can establish that a judge should be disqualified due to the appearance of impropriety. First, a litigant can establish that the jurist can reasonably be considered to harbor a personal bias against the litigant. *See Commonwealth v. Darush*, 459 A.2d 727, 732 (Pa. 1983) (requiring disqualification of sentencing judge who could not refute an allegation that he had said "[w]e want to get people like him [appellant] out of Potter County"). A second method involves establishing that the jurist could reasonably be considered to have a personal interest in the outcome of the litigant's case. *See In Interest of McFall*, 617 A.2d 707, 713 (Pa. 1992) (holding that a trial judge, who cooperated with the FBI as an undercover agent following allegations of bribery, had a real and tangible bias in the criminal cases heard by her, because she was subject to prosecution for her actions by the prosecuting authority in each of the cases before). A third way we have recognized for establishing an appearance of impropriety is a showing that a jurist has a bias against a particular class of litigants. *See Commonwealth v. Lemanski*, 529 A.2d 1085, 1089 (Pa. Super. 1987) (finding that a defendant adequately supported allegations of personal bias against a "particular class of litigants" by reference to comments made from the bench and in a local newspaper regarding an opinion and predetermined policy that in all drug cases deserve the maximum sentence).

Here, Dunkowski has not established that the trial judge should be disqualified based upon an appearance of impropriety. First, Dunkowski has not established, beyond mere conjecture, that the trial judge harbors a personal bias against Dunkowski. To support an allegation of a personal bias, Dunkowski relies upon the trial judge having heard this case after imposing an "unduly harsh sentence in the first case." Appellant's Brief at 13. Specifically, Dunkowski argues the following to bolster his claim:

> The appearance of bias in this situation cannot be understated. The trial court used phrases such as horrific, shocking, and appalling, and repeatedly described [Dunkowski's] lack of remorse [at the time of sentencing in the first case.] The trial court sentenced [Dunkowski in the first case] beyond the aggravated range of the Sentencing Guidelines and [Dunkowski] filed a Motion to Reconsider and a direct appeal challenging said sentence. In that matter, the trial court simply ignored the mitigation presented by [Dunkowski] and the remorse he repeatedly expressed. For example, [Dunkowski] was 54 years old at the time and only had one prior misdemeanor conviction from 1996. (N.T. 1/18/22, p. 21). [Dunkowski] acknowledged that he failed his children and that he prays for their forgiveness every night. *Id*. at 41. Yet, the trial court failed to consider this evidence and instead focused solely on the nature of the offenses.

Appellant's Brief at 13.

However, at the recusal hearing prior to sentencing, the trial judge offered the following comments, which evinced the trial court's ability to disconnect the two cases and not harbor bias against Dunkowski for his criminal actions in the first case:

> Well, I can assure you that I will hear what you have say, and I can assure you that [Dunkowski's] failure to appear is all I will consider and not all the facts that I considered last time. That case has been heard. It's been decided by a jury and I have

> imposed a sentence. This is a new case and I can only tell you that I can be fair and impartial. I don't see any reason why I can't hear the case, especially when I hear that [Dunkowski is pleading guilty and] it's only about sentencing that brings us to this point. That's what I'm hearing.

> * * *

> I can assure you, it won't have any impact upon the sentencing. I will hear what everybody has to say.

N.T., 5/25/22, at 13-14. In addition, in its Rule 1925(a) opinion, the trial judge reiterated that "this [c]ourt reminded [Dunkowski] that the reasons for his previous sentence were placed on the record at the time and assured [Dunkowski] that only the facts of the instant matter would be considered when imposing sentence." Trial Court Opinion 10/27/22, at 7.

These comments by the trial court reflect that Dunkowski's allegations about a personal bias against him are unfounded. Accordingly, we conclude Dunkowski has failed to support a claim that the trial judge possessed a personal bias against him in this matter.

Second, Dunkowski has not alleged that the trial court could reasonably be considered to have a personal interest in the outcome of the case.

Finally, we observe that Dunkowski has not alleged let alone established an appearance of impropriety by a showing that the trial judge has a bias against a particular class of litigant, which would include Dunkowski. The trial judge conducted the appropriate assessment of his ability to preside impartially and whether he should be disqualified based upon allegations of an appearance of impropriety. Therefore, we discern no error on the part of

the trial court in denying Dunkowski's motion seeking recusal. Accordingly, Dunkowski's claim lacks merit.

Last, Dunkowski argues that the trial court abused its discretion in fashioning his sentence. ***See*** Appellant's Brief at 16-24. Essentially, Dunkowski asserts that the trial court imposed a sentence that was excessive without adequately considering all relevant factors, including his rehabilitative needs, history, and character.

Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. ***See*** ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled there is no absolute right to appeal the discretionary aspects of a sentence. ***See Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***See Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was

> properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation and brackets omitted).

The first requirement of the four-part test is met because Dunkowski timely brought this direct appeal. However, our review of the record reflects Dunkowski did not meet the second requirement because he did not raise his challenges to the discretionary aspects of his sentence in his post-sentence motion or at the time of sentencing. Specifically, Dunkowski did not include this issue with his timely filed post-sentence motion,[2] nor did he raise his challenge orally at the sentencing hearing. Therefore, we are constrained to conclude that Dunkowski's issue is waived, and we are precluded from addressing its merits.

Judgment of sentence affirmed.

---

[2] In his post-sentence motion, Dunkowski sought reconsideration of the trial court's decision to deny his motion for recusal. **See** Post-Sentence Motion, 6/6/22. He did not present a challenge to the sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/18/2023</u>