J-A25003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SAJARVIN S. WILLIAMS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHANIE WILLIAMS | : | No. 793 EDA 2024 |

Appeal from the Order Entered February 8, 2024
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-04810-CU

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY OLSON, J.:                    **FILED OCTOBER 31, 2024**

Sajarvin S. Williams ("Father") appeals *pro se* from the order entered on February 8, 2024.  We dismiss this appeal.

The trial court ably summarized the underlying facts of this case:

> The parties have three [] minor children, [J.T.W. (born in June 2013), B.S.W. (born in October 2014), and B.R.W. (born in September 2019)   Father and Stephanie Williams ("Mother")] filed the following petitions:
>
> 1. Mother's Petition for Contempt filed 10/19/23;
>
> 2. Father's Petition for Contempt filed 10/24/23, along with Addendums filed 11/1/23, 1/13/23, and 11/20/23;
>
> 3. Mother's Petition for Special, Emergency Relief filed 12/6/23; and
>
> 4. Father's Petition for Special, Emergency Relief filed 1/11124.
>
> Following a hearing on February 1, 2024, the [trial] court entered an order resolving all of [the] petitions. Specifically,

the court ordered that neither party shall utilize force or corporal punishment on the children, both parties shall make the children available for telephone and/or FaceTime contact with the non-custodial parent daily, and the parties shall participate in family counseling with J.T.W. . . .

[As is relevant to the current appeal,] in Father's Petition for Special, Emergency Relief, he claim[ed] that [J.T.W.] is in need of special education services due to social and emotional concerns and [requested] to have him evaluated. Mother, who is a trained special education teacher, denie[d] that the child is in need of services and she refuse[d] to consent to an evaluation. Mother testified at the February 1, 2024 hearing, during which she stated that, as a special education teacher, she is aware of the standards necessary to require services, and that J.T.W. does not meet that criteria. The court found her testimony credible and persuasive [and thus denied Father's evaluation request]. . . .

[Within Father's contempt petition, Father claimed that Mother should be held in contempt of the custody order for failing to comply with J.T.W.'s pick-up times]. . . . The court notes that both parties filed contempt petitions against the other party. While both parties could have been held in contempt, the court decided it would be more productive to move forward and to try to repair Father's relationship with J.T.W., so that pick-ups will be smoother in the future. To facilitate such a result, the court ordered the parties to participate in family counseling with J.T.W. The existing custody order remained in effect as to the custody times of each party. If either party refuses to abide by the custody order, a contempt petition may be filed.

Trial Court Opinion, 6/18/24, at 1-3 (some capitalization omitted).

Father filed a timely, *pro se* notice of appeal from the trial court's February 8, 2024 order. However, within Father's brief, Father failed to cite any legal authority to support his argument. Moreover, he failed to cite to the record. These procedural and substantive defects in Father's brief preclude meaningful appellate review. As such, we dismiss this appeal. **See** Pa.R.A.P.

2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); *see also Commonwealth v. Postie*, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal").

Appeal dismissed. Father's Application for Relief denied. Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024