J-A29005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

SARAH L. HEPLER           :    IN THE SUPERIOR COURT OF
                                        :             PENNSYLVANIA
                                        :
        v.                             :
                                        :
                                        :
KEITH J. ALCIBIADE           :  
                                        :
            Appellant         :    No. 733 WDA 2024

Appeal from the Order Entered May 16, 2024
In the Court of Common Pleas of Armstrong County Civil Division at
No(s): 2024-0320-CIVIL

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                 **FILED: December 9, 2024**

Appellant, Keith J. Alcibiade, appeals *pro se* from the final, May 16, 2024 order, entered under the Protection From Abuse ("PFA") Act, 23 Pa.C.S.A. §§ 6101-6122. We dismiss this appeal.

The trial court ably summarized the underlying facts and procedural posture of this case:

> On March 12, 2024, Plaintiff [Sarah L. Hepler ("Plaintiff")] filed a [PFA petition] against [Appellant], her ex-boyfriend. She asserted that during a March 9, 2024 incident where she and [Appellant] were exchanging custody of a dog, [Appellant] opened Plaintiff's car door and threatened her. The two then began tussling over possession of the dog. Plaintiff also asserted that afterwards, [Appellant] sent her harassing e-mails and texts. [Appellant] had informed her many times that if she ever left him or took the dog, he would kill himself, and that when she and [Appellant] were together, he had threatened to harm her. Plaintiff claimed that she was scared [Appellant] would harm himself or others and [that Appellant] would be very angry if his guns [were] taken.

> The [trial] court granted a temporary PFA [order] and [scheduled] a hearing for [a later date].
>
> The [trial] court held a hearing for a final PFA order on May 16, 2024, during which both parties appeared with counsel. The [trial] court heard testimony from both parties, and entered a final PFA order [that day].

Trial Court Opinion, 8/6/24, at 1-2 (some capitalization omitted).

Appellant filed a timely notice of appeal. However, within Appellant's brief to this Court, Appellant failed to support his argument with any citation to the record or pertinent discussion of why the underlying facts of this case entitle him to relief. *See* Appellant's Brief at 1-17. As we have held: "it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (citations omitted).

The procedural and substantive defects in Appellant's brief completely preclude meaningful appellate review. *See, e.g., Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) ("[f]ailing to provide factual background and citation to the record represents serious deviations from the briefing requirements of the Rules of Appellant Procedure [and] . . . impedes on our

ability to address the issue on appeal") (quotation marks and citations omitted). As such, we dismiss this appeal. ***See*** Pa.R.A.P. 2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); ***see also Commonwealth v. Postie***, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Appeal dismissed. Jurisdiction relinquished. Oral argument scheduled for December 17, 2024, cancelled.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/09/2024